IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ARI J. KODECK | * |
| v. | * Civil No. CCB-17-2557 |
| | * (BK No. 12-10428, |
| ANNE CREGGER | * Adv. No. 16-49) |

**MEMORANDUM AND ORDER**

Now pending is an appeal filed by Ari J. Kodeck, Esquire, from a fine imposed on him by Bankruptcy Judge Robert A. Gordon in connection with a discovery dispute. Mr. Kodeck previously represented the State of Maryland in a case brought by debtor Anne Marie Cregger against the State of Maryland, and others, related to the state's collection of what she asserted was a dischargeable debt.[1] In the course of entering final judgment in favor of Ms. Cregger, Judge Gordon also imposed a fine against Mr. Kodeck personally, although without citing any Rule, statute, or other basis for this Order. (*See* Order Entering Final Judgment, filed August 22, 2017 at 2, ECF No. 14-27).

Mr. Kodeck appealed on the basis that the fine was entered against him without any notice, hearing, or other procedural due process appropriate for an attorney sanction of this kind. *See*, e.g., Fed.R. Bankr. P. 8020(b); Fed. R. Bankr. P. 9011(c). Counsel for the debtor in the underlying proceeding has agreed in connection with this appeal that a hearing should be held. (Resp. ¶ 4, ECF No. 17).

It appears to this court that Mr. Kodeck did not receive due process before the imposition of a serious sanction. Further, the bankruptcy judge did not provide the kind of factual findings

---

[1] Judge J. Frederick Motz agreed with Ms. Cregger that the debt was dischargeable, but noted that the issue was "close." *See* JFM-15-818, Mem. at 1, ECF No. 8.

1

or citation to legal authority that would permit this court to determine whether any sanction was warranted. *See, e.g., Virginia Properties, LLC v. T-Mobile N.E., LLC*, 865 F.3d 110, 113-14 (2d Cir. 2017); *Bradley v. Am. Household, Inc.*, 378 F.3d 373, 377-79 (4th Cir. 2004).

It further appears to this court that the bankruptcy judge has already stated an extremely strong opinion regarding Mr. Kodeck's credibility. (*See, e.g.*, Trial Tr., April 4, 2017 at 64, ECF No. 14-21; Oral Arg. Tr., at 54-55, 57, ECF No. 14-24.) Accordingly, to preserve both the appearance and substance of Mr. Kodeck's due process protections, upon remand this matter should be reassigned to a different judge for a determination of whether to issue a show cause order or to take any further action regarding a sanction against Mr. Kodeck.

Accordingly, the appeal is **Granted** and that portion of the Order Entering Final Judgment is **Vacated**. This case is **Remanded** to the bankruptcy court for further action consistent with this Memorandum and Order.

_7/2/18_
Date

_CCB_
Catherine C. Blake
United States District Judge

2